**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN WILLIAMS,** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO.** |
| | § | **5:20-cv-1353** |
| | § | |
| **LINCOLN LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant** | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

Lincoln Life Assurance Company of Boston wrongfully terminated long-term disability benefits owed to John Williams.

## I. PARTIES

1. Plaintiff John Williams is a resident of San Antonio, Bexar County, Texas.

2. Defendant Lincoln is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

3. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Williams at his home in San Antonio, Texas.

## III. STATEMENT OF FACTS

4. John Williams worked as a truck driver for WalMart, Inc. from May of 2003 until June of 2017, when he became disabled due to progressive degenerative disc disease in his lumbar spine.

5. By virtue of his employment with WalMart, he had long-term disability (LTD) coverage with Lincoln Life Assurance Company of Boston, formerly known as Liberty Life Assurance Company of Boston. Because he could not return to work due to severe back pain due to disc herniations, disc bulges, spinal stenosis, neural foraminal narrowing and degenerative changes, he submitted a claim for LTD benefits. Lincoln approved his claim and he began receiving LTD benefits on December 28, 2017.

6. Like most LTD policies, the definition of disability of the policy that insured Williams changes after receipt of 24 months of LTD benefits. For the first 24 months, LTD benefits are paid if an insured can't perform his "own occupation," that is, his occupation immediately prior to the occurrence of his disability. After payment of LTD benefits for 24 months, the definition of disability transitions to an "any occupation" requirement. In this case, as of

December 28, 2019 Williams was required to provide evidence that indicated that he couldn't work at any occupation for which he was reasonably fitted by training, education, experience, age, physical and mental capacity.

7. Lincoln determined that Williams was not entitled to LTD benefits under the "any occupation" definition of disability within the policy, and sent a denial letter to Williams dated November 19, 2019, terminating his benefits effective December 28, 2019.

8. Williams timely appealed Lincoln's termination of LTD benefits. He wrote as follows in a letter dated January 22, 2020:

> "Due to the progression of my back pain I have had to go (sic) the doctor numerous times to receive shots/injections and take medication for my increased pain. I am unable to take the medication and properly drive a car. I am in pain 24 hours of the day and I am not getting any better. I have the doctor note with a full explanation of this. At times I am in pain from sitting, walking, and standing. I have provided a note from my provider (Dated January 14, 2020) Dr. McKee, M.D., test results from my MRI (Done on December 27, 2019 MRI). Also, I have the (sic) my award letter from the Social Security department showing that I am approved for benefits and receive benefits due to my chronic pain. Please feel free to contact me with any questions or concerns. John Williams."

9. The appeal that Williams provided included the progress note of pain management physician Michael S. McKee, dated January 14, 2020. Dr. McKee noted that Williams' pain was severe on the day of his visit-Pain Scale: 9/10-and that he was experiencing right leg numbness due to lumbar radiculitis. Dr. McKee described the diagnostic studies, the MRI of Williams' lumbar spine performed on 12/27/2019, as follows:

> "MRI was done 12/27/2019 at University Health System, MRI without contrast, lumbar. It describes 10% height loss in the L5 vertebral body. No fracture or dislocation. Had modic type I changes adjacent to L5-S1 disc space. L4-L5 has disc desiccation with an annual tear, facet arthropathy, disc bulging, ligamentum flavum hypertrophy resulting in mild canal stenosis, moderate bilateral foraminal stenosis. L5-S1 disc desiccation with facet arthropathy, disc bulging, ligamentum flavum hypertrophy resulting in mild spinal canal stenosis and moderate left anterior right neural foraminal narrowing."

On physical exam, Dr. McKee noted that Williams' lumbar exam "shows decreased lumbar lordosis with pain and tenderness to palpation of the lower lumbar facets, right more than left, pain radiating to the right side and goes to the posterior thigh. SLR is positive on the right about 35 degrees; however, no major sensory motor deficits. Reflexes were normal today."

10. Williams also provided a note from treating physician Cordelia Moscrip, M.D. and treating nurse Juanita Martinez, LVN, who indicated that Williams remained disabled due to back pain due to disc herniations, disc bulges, spinal stenosis, neural foraminal narrowing, and degenerative changes.

11. Relying upon opinions obtained from medical consultants hired by Lincoln, Lincoln upheld the prior decision to terminate LTD benefits effective January 28, 2019. In its letter dated April 22, 2020, Lincoln advised as follows:

> "Based upon our review of the medical evidence on file, there is insufficient evidence to support that you continued to be disabled from your job as a Truck Driver beyond December 27, 2019, and, you are also not disabled from Any Occupation for which you are suited based on training, education and experience, age and physical and mental capacity, as required by the Policy from December 28, 2019 forward."

12. In its April 22, 2020 adverse benefit determination, Lincoln explained that the approval of disability benefits to Williams by the Social Security Administration (SSA) was "fully considered." Lincoln advised that the decision by the SSA was not followed because the Lincoln decision was subsequent to the SSA's decision, and Lincoln had medical information from its medical consultants that the SSA did not have when it made the decision to award Williams disability benefits.

13. In the adverse benefit determination, Lincoln advised that its decision was final, that Williams had exhausted his administrative right to review, and that his only recourse was to file suit under section 502(a) of ERISA

**Exhaustion of Appeal Requirements**

14. Williams exhausted his appeal rights as required by the policy and ERISA claims regulations.

## IV. CAUSE OF ACTION UNDER ERISA

**Lincoln's Decision to Terminate Benefits Was Contrary to the Preponderance of the Evidence Or Was an Abuse of Discretion**

15. Even if there is language in the policy or plan-related documents that is interpreted to grant Lincoln discretion in making benefit determinations, such discretionary language is unenforceable as to Williams' claim because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and

28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

16. However, even in the unlikely event that Lincoln is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review, Williams is still entitled to continuing LTD benefits because Lincoln abused its discretion in terminating his benefits.

17. Williams' LTD benefits should have continued after December 27, 2019. The LTD plan entitles him to a percentage of his pre-disability pay less applicable offsets. Social Security disability benefits for the insured and his or her dependents are an applicable offset. Williams' gross LTD benefit was $3754.92 per month. The sum of disability benefits that he receives from the SSA is $3021 per month. As a result, his net monthly LTD benefit from Lincoln after offset is $733.92 per month.

18. Since Lincoln's decision to terminate Williams' LTD benefits resulted in Lincoln saving money, as the carrier was both the decision-maker and the underwriter of benefits, Lincoln acted under a conflict of interest when it decided Williams' claim and his appeal. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Lincoln abused its discretion.

**Claim for Disability Benefits**

19. Since Lincoln wrongfully terminated his LTD benefits as of December 27, 2019, Williams seeks to recover his disability benefits from December 28, 2019 to the present under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V. RELIEF REQUESTED

20. Williams is entitled to LTD benefits in the amount of $733.92 per month beginning December 29, 2019. As of March 1, 2021, Williams is entitled to the sum of $10,274.88 in back benefits ($733.92 x 14 months). Williams requests these back benefits as well as additional monthly benefits that accrue after March 1, 2021 but during the pendency of this litigation at the rate of $733.92 per month.

## VI. ATTORNEY'S FEES

21. Williams requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Williams requests back benefits in the amount of $10,274.88, plus monthly disability benefits that accrue after March 1, 2021 but while this case is pending at the rate of $733.92 per month. He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Travis Building
405 N. St. Mary's Street, Suite 242
San Antonio, Texas 78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By: *__/s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff John Williams**