**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:20-cv-01353** |
| **LINCOLN LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life") files this, Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff John Williams ("Plaintiff"), and states as follows:

Lincoln Life admits that Plaintiff received, at certain times, benefits from the long-term disability benefit component of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "LTD Plan"). Lincoln Life further admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") issued by Lincoln Life to Wal-Mart Stores, Inc. ("Walmart"). Lincoln Life denies all remaining allegations contained in the introductory Paragraph of the Complaint.

## I. PARTIES

1. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits the allegations contained in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Lincoln Life admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Lincoln Life admits that venue is proper in this District and Division. Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## III. STATEMENT OF FACTS

4. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart as a truck driver and that Plaintiff's last day of work at Walmart was June 28, 2017. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits that Plaintiff was, at certain times, employed by Walmart and a participant in the LTD Plan sponsored by Walmart. Lincoln Life admits the LTD Plan was, at certain times, insured the Policy issued by Lincoln Life to Walmart and that Lincoln Life was formerly known as Liberty Life Assurance Company of Boson. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life admits that Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the plan, and

Lincoln Life refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life admits that Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln Life admits that Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln Life admits it sent a letter dated November 19, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits it received a letter from Plaintiff dated January 22, 2020, along with additional documentation, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits it received a letter from Plaintiff dated January 22, 2020, along with additional documentation, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life admits it received a letter from Plaintiff dated January 22, 2020, along with additional documentation, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln Life refers to the letter and documents themselves as the best

evidence of their contents. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits it sent a letter to Plaintiff dated April 22, 2020, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits it sent a letter to Plaintiff dated April 22, 2020, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life admits it sent a letter to Plaintiff dated April 22, 2020, but Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative

remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

## IV. CAUSES OF ACTION UNDER ERISA

15. To the extent that Paragraph 15 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life admits the Policy includes language pertaining to discretionary authority, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. To the extent that Paragraph 16 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life admits the Policy includes language pertaining to discretionary authority, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that the allegations contained in Paragraph 17 seek to interpret the provisions of the Policy, Lincoln Life refers to the documents governing the Policy as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits the LTD Plan was, at certain times, insured the Policy issued by Lincoln Life to Walmart and that Lincoln Life was formerly known as Liberty Life Assurance Company of Boson. Lincoln Life admits the Policy includes language pertaining to discretionary authority, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln Life denies Plaintiff is entitled to any such

relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

## V. RELIEF REQUESTED

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the Policy, Lincoln Life refers to the documents governing the Policy as the best evidence of their contents. Lincoln Life admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

## VI. ATTORNEY'S FEES

21. Lincoln Life admits that by this action, Plaintiff is seeking recovery of attorneys' fees and costs, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

Lincoln Life denies all allegations contained in the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke this standard of review.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires

offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln Life reserves the right to assert additional defenses.

## PRAYER

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

Dated: January 21, 2021.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jeffrey E. Dahl, Esq.
Email: jdahl@erisaattorneyintexas.com

January 21, 2021 /s/ Iwana Rademaekers
Date Iwana Rademaekers