UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-20-CA-1353-JKP (HJB) |

**ORDER**

Before the Court is the status of the above case. Pretrial and scheduling matters in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). (*See* Docket Entry 2.) Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), this case is set for a **Telephonic Initial Pretrial Conference** on **March 10, 2021**, at **10:30 A.M.** In advance of the designated start time of the conference, the parties are directed to dial: **888-363-4734**, and when prompted to do so, enter **Access Code 1223006** (and press #).

In preparation for the conference, **on or before March 5, 2021**, the parties must submit (1) Proposed Scheduling Recommendations, (2) a Joint Federal Rule of Civil Procedure 26(f) Report, and (3) an Advisory as to Magistrate Judge Jurisdiction, as described below.

## I. Proposed Scheduling Recommendations.

In an effort to assist the parties in resolving this case as expeditiously and efficiently as possible, and in accordance with Rule CV-16(c) of the Local Court Rules of the Western District of Texas, the parties must confer as required by Rule 26(f), and then submit Proposed Scheduling Recommendations to the Court. The parties must indicate in their Proposed Scheduling Recommendations that they have in fact conferred as required by the Federal Rules of Civil

Procedure. In the event Plaintiff has not yet obtained service on all Defendants, the Proposed Scheduling Recommendations must include Plaintiff's explanation of why all parties have not been served.

When conferring, the parties should endeavor to agree concerning proposed dates and enter Joint Proposed Scheduling Recommendations. In the event they are unable agree on dates, each party may file its own Proposed Scheduling Recommendations including the reason(s) for the disagreement.

The Proposed Scheduling Recommendations must include the following deadlines:

1. Initial Disclosures: Unless exempted from initial disclosures through Federal Rule of Civil Procedure 26(a)(1)(B), all parties that have appeared in this action shall make their required Rule 26(a)(1) disclosures on or before ***(the suggested period being 14 days from the date of the Telephonic Initial Pretrial Conference)***. To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. Alternative Dispute Resolution ("ADR"): The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88 on or before ***(the suggested period being 90 days from the date of the Telephonic Initial Pretrial Conference)***.

3. Offer of Settlement: Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before ***(the suggested period being 90 days from the date of the Telephonic Initial Pretrial Conference)***, and each opposing party shall respond, in writing on or before ***(the suggested period being 104 days from the date of the Telephonic Initial Pretrial Conference)***. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorney's fees and costs at the conclusion of the proceedings. If a settlement is reached, the parties should immediately notify the Court, so the case may be closed.

4. Amend/Supplement Pleadings, Joinder of Parties: On or before ***(the suggested period being 120 days from the date of the Telephonic Initial Pretrial Conference)***, the parties shall file any motion seeking leave to amend or join parties.

5. Designation of Experts: Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before ***(the standard period being 90 days before the discovery deadline)***.

6. Designation of Experts (*Continued*): Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before ***(the standard period being 45 days before the discovery deadline)***.

7. Rebuttal of Experts: Parties shall file all designations of rebuttal experts and serve on all parties, the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, **within 14 days of receipt** of the report of the opposing expert.

8. Discovery Deadline: Parties shall initiate all discovery procedures in time to complete discovery on or before ***(the suggested period being six months from the date of the Telephonic Initial Pretrial Conference)***.

9. Settlement Negotiations Status Report: Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before ***(the standard period being 14 days after the discovery deadline)***.

10. Dispositive Motions Deadline: All dispositive motions must be filed by ***(the standard period being 30 days after the discovery deadline)***. Dispositive motions, and responses to dispositive motions, must be limited to 20 pages in length which is the standard page limit for this Court. (*See* WDTX, SA Div., Local Rule CV-7(h).)

11. Pretrial Conference and Trial: The District Court will set dates for trial and the final pretrial conference after receiving and reviewing filed dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, it will likewise set appropriate deadlines for trial and pretrial conference matters.

Although the Proposed Scheduling Recommendations will be considered by Court, the setting of all dates is within the discretion of the Court.

## II. Joint Rule 26(f) Report.

In addition to the proposed scheduling recommendations discuss above, the parties must submit a Joint Rule 26(f) Report answering the questions outlined below:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the parties (including any members of a partnership or LLC) are diverse and that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the diversity of the parties and the amount in controversy.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should these unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. What are the parties' views and proposals on all items identified in Rule 26(f)(3)?

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. What, if any, discovery disputes exist?

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9. Have the parties discussed mediation?

## III. Advisory as to Magistrate Jurisdiction.

Pursuant to 28 U.S.C. § 636(c)(1), full-time Magistrate Judges are authorized to conduct the trial of any civil case, jury or non-jury, with the consent of all parties to the lawsuit and the approval of the District Court. If parties have not already done so, they must indicate their consent or non-consent on the attached form (Consent Advisory to the Clerk of Court). Consent to trial by

a Magistrate Judge must be voluntary, and any party is free to withhold consent without suffering any adverse consequences. If all parties consent to trial of this case by a Magistrate Judge, the District Court may enter an order assigning the case to a Magistrate Judge for trial and entry of Judgment. If the case has already been referred to a Magistrate Judge for pretrial matters, and the parties consent to Magistrate Judge jurisdiction, the case will be assigned to the Magistrate Judge to whom the case is already referred.

It is so **ORDERED**.

**SIGNED** on January 22, 2021.

Henry J. Bemporad
United States Magistrate Judge